#11501

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

Dallas
~~Fort Worth~~ Division

| | |
|---|---|
| Hickson, Natalie, Pro Se<br>On Behalf of the Estate of<br>Malcom Loren Hickson | ) Case No. |
| | ) |
| | ) *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) Jury Trial: *(check one)* ☑ Yes ☐ No |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) **3-18CV2747-B** |
| Carrolton Police Department | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names.)* | ) |

## COMPLAINT FOR A CIVIL CASE

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Natilie Hickson |
| Street Address | 1015 Terry Way |
| City and County | Carrolton, Dallas County |
| State and Zip Code | Texas, 75006 |
| Telephone Number | 469-324-8842 |
| E-mail Address | njhickson@hotmail.com |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name      Carrollton Police Department

Job or Title *(if known)*

Street Address      2025 East Jackson Road

City and County      Carrollton, Dallas County

State and Zip Code      Texas, 75006

Telephone Number      972-466-3290

E-mail Address *(if known)*

Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
42 USCS § 1983

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

   a.   If the plaintiff is an individual
      The plaintiff, *(name)* _____ , is a citizen of the
      State of *(name)* _____ .

   b.   If the plaintiff is a corporation
      The plaintiff, *(name)* _____ , is incorporated
      under the laws of the State of *(name)* _____ ,
      and has its principal place of business in the State of *(name)*
      _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

   a.   If the defendant is an individual
      The defendant, *(name)* _____ , is a citizen of
      the State of *(name)* _____ . Or is a citizen of
      *(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b. If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under

the laws of the State of *(name)* _____, and has its

principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.  Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

On 10-26-2016 the Carrollton Police Department responded to a call at Town Suites located at 1240 W Trinity Mills Rd, Carrollton, TX 75006, and caused the death of my son Malcom Loren Hickson. During this encounter, police used excessive force; improper procedure; failure to train/ municipal liability; harassment; negligence and malicious intent which caused the death of Malcom Loren Hickson.

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

We pray the court provide the following specific relief of $2,000,000 to be distributed to the estate of Malcom Loren Hickson by the following:
1) Lapresha Stanley, wife of Malcom Loren Hickson (decedent) -Financial Support, loss of Consortium, Pain and suffering general damages, emotional distress, mental anguish.
2) Bryson Omari Hicskson, son of Malcom Loren Hickson (decedent)- financial support, loss of enjoyment of life,
3) Natalie Hickson, mother of Malcom Loren Hickson (decedent)- mental anguish, emotional distress, pain and suffering, funeral costs, general damages, defamation, loss of enjoyment of life.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Punitive Damages: $2,000,000, to be distributed in the following manner:
1) Require SWAT Team members to be further trained and use body cameras
2) Mandatory, graduating training in methods to diffuse situations
3)Impactful Harassment training
4) Duty of Care or further prevention of negligence training
5) Obey police policies and not use personal bias or experiences with defendant(s), suspect, or accused with results that led to infringement of rights of Malcom Loren Hickson.

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        10 - 17 - 18

Signature of Plaintiff        *Natalye Hickson*

Printed Name of Plaintiff        *Natale J Hickson*

### B.     For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## EXHIBIT LIST

A) Bill for Malcolm Loren Hickson from InTown Suites

B) Letter to Attorney General Ken Paxton requesting of unsealing of records.

C) Letter to former attorney, Mr. Palmer

D) Text messages between Raeshonique Luarks and Carole Lydia Lugendo

E) Autopsy report of Malcolm Loren Hickson

F) Letter dated April 25, 2018 from the office of Attorney General Ken Paxton to Ms. Brown, City of Carrollton regarding release of information.

G) Letter dated February 16, 2018 to Attorney General Ken Paxton from City of Carrollton.

H) Letter dated February 22, 2018 to Attorney General Ken Paxton from Mark Kratovil, Assistant Criminal District Attorney of Tarrant County, Texas

I) Letter dated March 12, 2018 from the office of Attorney General Ken Paxton to Mark Kratovil, Assistant Criminal District Attorney of Tarrant County, Texas Re: Request for any and all records involving a named individual from 10/26/2018

# In Town SUITES.

**Intown Suites Trinity Mills**
**1240 West Trinity Mills Rd.**
**Carrollton, TX 75006**
**972-323-0904**

*Exhibit A*

## Room Agreement

Guest Folio # 16667
**HICKSON, MALCOLM L**
**1015 TERRY WAY**
**CARROLLTON, TX 75006-0000**
Extra Guest(s):   LAURKS, RAESHNIQUE
                          MAULAB, CAROLE

| Room: | 328 |
| Arrival: | 10/24/2016 |
| Next Payment Due Date: | 10/31/2016 |
| Clerk: | rpeak |

| Trans # | Date | Description | Charges | Payments | Balance |
|---------|------|-------------|---------|----------|---------|
| 414538 | 10/24/2016 | Room Deposit | $30.00 | $0.00 | $30.00 |
| 414539 | 10/24/2016 | Phone Deposit | $20.00 | $0.00 | $50.00 |
| 414540 | 10/24/2016 | Rm: 328 Website Wkly | $279.99 | $0.00 | $329.99 |
| 414541 | 10/24/2016 | Weekly Technology Fee | $5.00 | $0.00 | $334.99 |
| 414542 | 10/24/2016 | State Sales Tax | $16.80 | $0.00 | $351.79 |
| 414543 | 10/24/2016 | City Sales Tax | $19.60 | $0.00 | $371.39 |
| 414544 | 10/24/2016 | Cash | $0.00 | $371.39 | $0.00 |
| | | | | **Balance** | **$0.00** |

"I hereby reaffirm, acknowledge and agree to the Terms and Conditions of the Guest Agreement on the Guest Registration"

**Folio Summary**

| | |
|---|---|
| Previous Balance: | $0.00 |
| Room Charges: | $284.99 |
| Other Charges/Credit: | $30.00 |
| Phone Charges: | $20.00 |
| Tax: | $36.40 |
| Less Payments: | $371.39 |
| **Total Amount Due:** | **$0.00** |

Guest Signature: _Malcolm_

"You agree to the terms and conditions, as stated at move-in, and have verified that the above transactions are correct"

Exhibit B

The Honorable Ken Paxton

Attorney General

Open Records Division

P.O.B 12548

Austin TX 78711-2548

Dear Attorney General Paxton,                                    February 28, 2018

I have submitted a request for open records act with Tarrant county Corners office involving a police officer shooting of my son Malcolm Hickson. In return they provided me with a letter addressed to the Attorney General. The letter of reference is E-C.M/R.R.R-91 7199 9991 7038 6815 2095 They have in return notified me that you must rule on what is released. I understand that the officer was no billed in this case.

The integrity unit at Dallas County shared the same power point presentation with me as they shared with the grand jury. Upon viewing the information it has left me with numerous unanswered questions and concerns for the death of my child.

I would like to view the information myself and cannot understand why I the mother would not have privilege to that information. I plan on continuing with this case. I am not an attorney but would like to do the leg work and evaluate all information in order to proceed legally. My main question is, if the officer was not indicted why do they need to hide the information from me, the mother?

Please Honorable Ken Paxton allow me to have the information I requested. As a citizen and a veteran that has honored our country to allow our freedoms, I ask myself why I have to fight again for rights that I thought were protected by being a united state citizen?

This is a case of another black man killed with no video. The video would have summed it all up. I pray that I am at least able to read the evidence and get closure. I lost my son on October 26, 2016 and still to this day have no answers. I ask you to please have mercy on me.I pray that you allow the request of public information to be given to me.

Sincerely,

Natalie Hickson

Exhibit C

Mr. Palmer,                                        7/24/18

Good Afternoon,

First, I would like to once thank you for signing the contract on this wrongful Death. I trust that you are fully qualified as a counselor and I am confident in your ability to get to the truth, which will lead to justice. It is your own sense of justice and the need to right a wrong which motivated you to consider this case in the first place. The trauma of losing my son in such a senseless way has been unbearable. The only thing that would be worse is not to fight with maximum effort to make those responsible for his death accountable. Thus, it is not critical that I speak with you immediately in order to completely and clearly understand your level of commitment to this case.

As you know, the time we have to file this is quickly escaping us, the deadline fastly approaching. It is clear that this is now a sense of urgency and you understand our need to now aggressively proceed.

As an attorney; I know that the first concern and question is: "can this case be won?" The answer is "yes". If you did not this so, you would not have had me sign the contract. And the evidence will show that this was no "justified police shooting". That there was serious negligence, rush to judgement, errors, miscalculations, prejudice, a botched investigation and then lies to cover it up.

I do not speak out of blind passion and emotion of a mother who has lost her son. But as a clear headed citizen comparing facts, as a woman speaking simple truth! And I must know that you are ready and willing to professionally present those facts in court if need be. To hold the Carrollton police department accountable once and for all.

File this case; if we do not file it how can we win it? Here are a few points to consider and questions to ask to proceed:

Why there were so many conflicting reports of what happened immediately after the shooting? If you read them you will see they all contradict each other and state things to the contrary to the facts. (Jolene DeVito-police spokesperson must be interviewed.)

Why has the access to any and all deeper information now been suddenly cut off from me when initially I was allowed to get all my sons personal affects?

Why were no other witnesses called for the hearing which would have given the jury greater clarity?

Why was there no real investigation into the claims of what carol Lydia safi lugendo said before swat was dispatched?( it can be proven she was a known prostitute with Hickson willingly for over a month and with another pimp prior to that and no kidnapping or assault ever took place).

Swat waiting 6 hrs. Why was there no organized or other profession attempts to apprehend the suspect? (Utilize the motel manager, call him to office etc.)?

My son has dealt with the police for years! Never has he assaulted a police officer, pointed or pulled a gun, been disruptive or resisted arrest(for cases much more serious that this one).so the claim that he

Exhibit C

surrendered then reached for a gun are impossible to be believed. In fact all of his previous dealings with the police without incidence will prove the police lied. Including a video of him and Rae getting arrested weeks before his death (that I just received 2 weeks ago). It shows him treating the police with the utmost respect.

Why did they not apprehend my son when he walked right past the swat van as they did Rae?

Why did one officer shoot one shot (without the officers even knowing there was a shot fired?)If he really reached for a gun, multiple shots would have been fired from more than one officer (was Sgt. Caleb west the "only" one to see this out of an entire team of trained swat members?

He was shot from the side (not facing any officer) couldn't have been that threatening.
An eyewitness will testify that he never had the gun in his hand or reached for it.

If the shooting is "justified" why is it that after 1 ½ years the police are so secretive and elusive in providing information?

Why was a flash ban used by police after my son was hot? For what reason? Is this protocol? Is this logical? (See police affidavit).

The second woman Rae exited the room on her own free will alone. No kidnapping victim. Once the police realized she was not a victim she then had to be an accomplice. But she never was because the charge was false.

Why were there conveniently no body cams or swat cameras? What is swat tea / police protocol in a kidnapping/ hostage situation?

Lastly, my son didn't even know about any kidnapping/assault charges that the girl Carole Lydia safi Lugendo alleged. His only knowledge was of a family violence charge (if that since the victim was with him). Why would he pull a gun, reach for a gun surrounded by police officers risking his own death or death of an officer with the intent to commit a capital crime for such a menial charge. Who risks a life sentence for doing a simple family violence that may carry 2-10 years? It makes no sense.

There are other points to make, other evidence to present and be discussed. The details will be made known. That is why it is imperative that this case is files and discovery is obtained. This is where I need you to do your job. To use your power, access, skill and knowledge to do what I am blocked from doing. This is far from an open and shut case. In the points presented can you find anything strange? Can you find some lies? Some errors? Some negligence? If so then you have just discovered and found a victory and justice for Malcolm. His son ( who will never see his father) and for all of those young men who are far from perfect- yet do not deserve to die at the hands of the police unnecessarily. is this case easy? No. it is a challenge. But one I know you have the ability, skill and knowledge meet head on and win.

Contact me so we can get started. I thank you for your dedication as well as that of your team in advance. I look forward to meeting with you soon. I close with your chosen quote "Those who expect

Ex. D

Me is Raeshonique Luarks

Carole is Carole Safi Lydia Lugendo

①







you loved away I will never forget it I can't say anything to make you think differently but I love you and care for you it may not seem like it but I do Rae I was on your side I'm so sorry I know u will just remember the good times with you and him and that may be the best right now but you keep that image in your head for your own sake I'm so sorry Rae I know this isn't enough. But I have to let you know this

ME
Hey

CAROLE
Hey Rae

ME
Wyd

CAROLE
Laying down how are you doing???



They want to know everything

ME
Damn fr

CAROLE
Yes
You got ppl saying different things
His mom saying nothing happened
Of couse im saying different bc of my family
Im scared ill crack
Im scared rar
Rae
What do i do

ME
What do you mean boo you are grown so
why do you care about what your family
thinks

ME
Idk because i dont know what do myself
You just said we have to be strong so he

4.

This is like a crazy movie

ME
What happened when you left the room-kk I
need closure

CAROLE
I ran to ihop and was waiting there for long
& my friend picked me up my friend had
told my dad where i was and thats when he
drove straight to the police my friend sent
him a screenshot of my msg and he gave it
to the pd thats when my friend dropped me
off there i met up with my father he was cry-
ing and there were already cops waiting for
me. They had me there for hours i couldnt
talk my throat was so heavy and they would
not let me leave. My friend told my dad
everything i mentioned his first name in the
msg and the cops took that and ran with it.
I fucked up by telling my dad what he
looked like



Carole

shit happens I just dont understand why
god would want this to him you know? He
never did anything to us to deserve to die
behind us. You know he only wanted to see
us happy and successful. I was so confused
on what was going on at first but now that
i know im so fuckin sick to my stomach
because nothing was really like that.

CAROLE
Have you talked to his mom?

ME
No none of his family will talk to me

CAROLE
His friends?

ME
Nope

CAROLE
What happened to Cheyenne?





You just soldiers have to be strong to be strong kk

CAROLE

Its an act
Im not
I feel like i got him killed

ME

No its not your fault dont blame yourself

CAROLE

I wake up everyday and I cant sleep at night i havent slept in three days
I take naps
Bc i feel like he will visit my dreams
It is
Please just say it
I took your bf away from you

ME

Yea you did kk
I just dont know why you didnt say anything





Its still an open wound

ME

Right but theres nothing i can do but cey and get over it eventually

Its just the fact he was killed kk

CAROLE

Just stay strong for yourself you deserve better i see you being successful u dont need anyone you're so much better by yourself rae you didnt even need him tbh u were better but the fact of how things went down i know its heavy on your shoulders you need to see that. Time heals everything Im always going to be here if you need me i know you're not a people person and im not either i dont hate anyone and even though the circumstances werent right God is in control and i believe things happen for a reason bad or good

We have to be strong





CAROLE

Havent left my mom

Im home

ME

Oh okay damn im sorry i know that sucks

CAROLE

No dont be

I have to be strong

ME

Yes you do

CAROLE

For us and for myself

ME

Yea you right

CAROLE

Im just going to let life happen rekindle my
relationship with my family and just be the
best me i can me ive been in depression for
months now and i just want to see myself
out of it i want to see myself happy and



Carole

really nappy for once
Lets put all our frustrations on focusing on
ourselves I want to know theres a light at the
end of this dark tunnel

ME

I understand but we should hang out i dont
have anyone else but you
And you know im not from here so i got to
learn my way around on my own wherr do
you stay again

CAROLE

I want to just give me time i left lewisville im
with my dad but hes very protective of me
right now it will go down in a week a two i
could pick u up after that love

ME

Okay coo
I thought your dad was in Lewisville

CAROLE



The number and date
that Carole came to Malcolm.



Exhibit E



Office of Chief Medical Examiner
Tarrant County Medical Examiner's District
Tarrant County, Texas
200 Feliks Gwozdz Place, Fort Worth, Texas 76104-4919
(817) 920-5700  FAX (817) 920-5713

# AUTOPSY REPORT

**Name: Malcolm Loren Hickson**
**Approximate Age: 25 Years**
**Height: 71 Inches**

**CASE NO: 1616112**
**Sex: Male**
**Weight: 162.3 Pounds**

We the undersigned hereby certify that on the 27th day of **October 2016**, beginning at **0955** hours, pursuant to Statute 49.25 of Texas Criminal Code, a complete autopsy on the body of an unidentified male later identified as **Malcolm Loren Hickson** was performed at the Tarrant County Medical Examiner's District Morgue in Fort Worth, Texas and upon investigation of the essential facts concerning the circumstances of the death and history of the case are of the opinion that the findings, cause and manner of death are as follows:

## FINDINGS:

I) Investigative findings:
- A. Police were surveilling the decedent due to outstanding warrants; decedent exited a hotel and pointed a gun at officers; a SWAT officer fired at the decedent; decedent transported to hospital by emergency medical services; decedent pronounced at hospital
- B. Weapon used:  Heckler and Koch carbine, Model 316, that fires .223 rounds
- C. Additional medical history:  Unknown

II) Examination findings:
- A. Right lateral chest gunshot wound:
   1) Wound of Entrance: Right lateral chest
   2) Range: Indeterminate
   3) Injury with:
      - a. Fractured right rib, #8
      - b. Liver laceration
      - c. Lung lacerations
      - d. Heart lacerations
      - e. Diaphragm lacerations
      - f. Fractured left rib, #6
   4) Wound of Exit: None
   5) Projectile:  Recovered from left chest wall
   6) Direction: Right to left, back to front, and upward

Page 2 of 10

1616112
Malcolm Loren Hickson

FINDINGS (Continued):

      B. Additional findings:
          1) Hemopericardium
          2) Hemothorax
III)  Postmortem toxicology:
      A. Urine, THC, positive

_M_  1616112
Malcolm Loren Hickson

**CAUSE OF DEATH:**    **GUNSHOT WOUND OF CHEST**

**MANNER OF DEATH:**    **HOMICIDE**

_____
Signature

Barrie R. Miller, M.D.
*Forensic Fellow*

_____
Signature

Tasha Z. Greenberg, M.D.
*Deputy Medical Examiner*

_____
Signature

Nizam Peerwani, M.D.
*Chief Medical Examiner*

_____
Signature

Marc A. Krouse, M.D.
*Deputy Chief Medical Examiner*

_____
Signature

Susan J. Roe, M.D.
*Deputy Medical Examiner*

_____
Signature

Richard C. Fries, D.O.
*Deputy Medical Examiner*

_____
Signature

Denika Adams, D.O.
*Deputy Medical Examiner*

1616112
                                                     Malcolm Loren Hickson

A complete autopsy is carried out at the Tarrant County Medical Examiner's Morgue.

## GROSS ANATOMIC DESCRIPTION

I.    **CLOTHING AND PERSONAL EFFECTS:** The body is presented to the Morgue in a blue body bag and clad in a white undershirt (cut), gray boxers (cut), gray pajama bottoms (cut), white socks, and black house shoes. The hands are bagged.

II.    **THERAPEUTIC INTERVENTION:**    Evidence of medical intervention includes an oral endotracheal tube; left leg intraosseous access; right chest, chest tube.

III.    **EXTERNAL BODY DESCRIPTION:** The body is that of a normally developed adult black male weighing 162.3 pounds, measuring 71 inches in height, and appearing compatible with the stated age of 25 years. The body is cold following refrigeration. Rigor mortis is well-developed in the small and large muscles.    Livor mortis is indiscernible.    Preservation is good with no decomposition changes. Body hair distribution is that of a normal adult male.

The head is normocephalic. The head displays injuries as detailed below. The head hair is curly, black, and short, ½ inch. Facial hair consists of a black mustache and goatee. The eyes when initially viewed are slightly open. The corneae are clear. Tache noire is present. The irides are brown and there is no arcus senilis. The pupils measure 4 mm bilaterally. The conjunctivae are pink. The sclerae are non-icteric. No petechial hemorrhages are identified. The nasal skeleton and septum are intact. The ears are unremarkable; the earlobes are not pierced. The lips are atraumatic. The teeth are natural and in good repair. There is no foreign material in the external auditory canals, external nares, or oral cavity.

The neck shows no external evidence of injury. The trachea is midline. The chest is symmetric with normal male breasts and displays injuries as detailed below. The abdomen is flat with no fluid wave or palpable masses. The external genitalia are that of a normal circumcised male with descended testes; the perineum and anus are unremarkable. The back and buttocks are symmetric and unremarkable.

1616112
Malcolm Loren Hickson

The extremities are normally developed and symmetric with no deformities or fractures. The arms display injuries as detailed below. The fingernails are intact and cyanotic. The toenails are intact.

## IV.   IDENTIFYING MARKS:

### SCARS:
1) Anterior chest, central, irregular scar, 3/8 x ¾ inch
2) Left antecubital fossa, irregular scar, ¼ x ¼ inch
3) Left elbow, curvilinear scar, 3-1/4 inches
4) Back, lumbar region, cluster of irregular scars, 2-1/2 x 1-3/4 inches
5) Right anterior knee, cluster of irregular scars, 1-1/2 x 2-1/4 inches
6) Left anterior knee, cluster of irregular scars, ½ x 1-1/2 inches
7) Left hand, dorsal aspect, numerous irregular scars, up to ¼ inch in greatest dimension
8) Right leg, anterior, distal, linear scar, ½ inch
9) Right foot, dorsal aspect, irregular scar, 3/8 x ½ inch
10) Left foot, dorsal aspect, irregular scar, ¼ x ½ inch

### TATTOOS:
1) Anterior neck, "LAPRESHA"
2) Anterior chest, bilateral circumferential arms, extensive tattoo of an intricate design including words, names, faces, and one hundred dollar bills
3) Left forearm, design including skulls and the words "HEAR NO, SEE NO, SPEAK NO EVIL"
4) Right wrist, dorsal aspect, "MADE"
5) Left wrist, dorsal aspect, "MAN"

## V.   EVIDENCE OF INJURY:

### FACE:

There are multiple abrasions on the left lateral face, including two abrasions on the left lateral forehead, ¼ x 5/8 inch and 3/16 x 5/8 inch, a 3/8 x 7/8 inch abrasion on the left lateral forehead lateral to left eye, a 1/8 x ¼ inch abrasion on the left cheek, a 1/8 x 3/8 inch abrasion on the lower cheek/lateral chin, and a ¾ x ¾ inch cluster of abrasions on the left earlobe.

1616112
Malcolm Loren Hickson

### EXTREMITIES:

A ½ x 3-1/4 inches cluster of abrasions is on the left lateral elbow and forearm. A ¼ x ½ inch abrasion is on the dorsal right wrist.

A 3/16 x ¼ inch contusion is on the left fifth toe. A 1/16 x ¼ inch contusion is on the right big toe. A ¾-inch linear abrasion is on the right medial foot at the base of the big toe.

### CHEST:

On the right lateral chest, located 20.5 inches from the top of the head and 6.5 inches right of center, and approximately in the mid axillary line, is a 1/8 x ¼ inch elliptical gunshot wound of entrance with an eccentric marginal abrasion up to 3/16 inch in width at the 8:00 to 10 o'clock position. No soot or gunpowder stippling are on the skin surrounding the gunshot wound. The bullet fractures the right eighth rib, injures the anterior basal segment of the right lower lobe of the lung, the lateral right hemidiaphragm, the liver, the medial right hemidiaphragm, the medial basal segment of the right middle lobe of the lung, the pericardial sac and the heart, transecting the right coronary artery, lacerating the right atrium, the tricuspid valve, and the right ventricle, continuing through the pericardial sac, fracturing the anterior left rib number six, and coming to rest in the muscle of the left anterior chest wall. A deformed, small caliber bullet was recovered from the muscle of the left chest wall. The bullet was placed in an evidence envelope, sealed, and transferred to the investigating police agency. The bullet traveled right to left, back to front, and upward. Associated with the gunshot wound is hemorrhage throughout the wound track, 200 mL of blood in the pericardium, 300 mL of blood in the left chest, and 900 mL of blood in the right chest.

### VI.    INTERNAL EXAMINATION

### BODY CAVITIES:

A Y-shaped thoracoabdominal incision is made; the organs are examined in situ and eviscerated in the usual fashion. The subcutaneous fat of the abdomen measures ½ inch in thickness. The musculature of the abdominal area is unremarkable.

The chest wall displays injuries as detailed above. There are no sternal or clavicular fractures. The serous body cavity membranes are smooth and

glistening with no adhesions. The vertebral column shows no scoliosis or kyphosis. The left hemidiaphragm is in its normal location and appears grossly unremarkable. The right hemidiaphragm shows injuries as detailed above. The pelvis is intact.

## NECK:

The neck presents an intact hyoid bone as well as thyroid and cricoid cartilages. The larynx is comprised of unremarkable vocal cords and folds, appearing widely patent without foreign material, and is lined by smooth, glistening mucosa. The epiglottis shows no edema, trauma or pathologic lesions. There is no hemorrhage of the anterior musculature of the neck. The vasculature of the anterior neck is unremarkable. The trachea and cervical spine are in the midline presenting no traumatic injuries or pathologic lesions.

## CARDIOVASCULAR SYSTEM:

The heart is of normal size and weighs 342.5 gms and displays injuries as detailed above. There is moderate epicardial fat. The coronary artery ostia are in the normal anatomical location. The coronary arteries are widely patent without significant atherosclerotic change. There is right dominant circulation. The endocardium is smooth. The myocardium is red-brown without evidence of acute or remote infarction. The ventricular walls are of normal thickness; the free wall of the left ventricle is 1.4 cm in thickness, the interventricular septum 1.5 cm, and the right ventricle 0.4 cm. The aorta is unremarkable.

## RESPIRATORY SYSTEM:

The tracheobronchial tree contains no edema fluid, aspirated gastric contents or other foreign material, and is lined by smooth, glistening mucosa. The right lung weighs 266.5 gms and the left 264.0 gms. The pleural surfaces of the lungs are smooth and glistening with minimal anthracosis. The right lung shows evidence of injury as detailed above. On sectioning, the lungs are deflated. There are no cysts, abnormal masses or other atraumatic discrete lesions identified. The pulmonary arterial system is unremarkable without thromboemboli or atherosclerosis.

## GASTROINTESTINAL SYSTEM:

The esophagus is intact and lined by smooth, glistening mucosa without erosions or varices. The gastroesophageal junction is normal. The stomach shows

1616112
Malcolm Loren Hickson

normal rugal folds without gastritis or ulcers, and contains 20 mL of thin, tan fluid; no food particles, no capsules, or tablets are identified. The small and large bowels appear grossly unremarkable. The appendix is present and is unremarkable.

The pancreas has a lobulated cut surface without hemorrhage, calcification, fat necrosis, pseudocysts, or masses.

### HEPATOBILIARY SYSTEM:

The liver weighs 1124.0 gms and displays injuries as detailed above. The capsule is brown, smooth, and glistening. On sectioning, the hepatic parenchyma is red-brown and homogeneous, with no atraumatic lesions. The gallbladder is unremarkable containing 20 mL of yellow-green bile and no calculi. The mucosa is green and velvety. The extrahepatic biliary system is patent.

### RETICULOENDOTHELIAL (HEMATOPOIETIC) SYSTEM:

The spleen weighs 95.5 gms with a gray, smooth capsule. On sectioning, the parenchyma is reddish-brown and soft. Examination of identified lymph nodes reveals no lymphadenopathy. The examined bone marrow is red and firm without lesions. The thymus gland is present, appropriate for age.

### GENITOURINARY SYSTEM:

The right and left kidneys weigh 132.0 gms and 133.0 gms, respectively. The capsules strip with ease and the cortical surfaces are smooth. On sectioning, the cortex is of normal thickness, with a well-defined corticomedullary junction and unremarkable medullae. The pelves and calyces are of normal size and lined by gray, glistening mucosa. There are no calculi. The renal arteries and veins are normal. The ureters are of normal caliber in the retroperitoneum, draining into an unremarkable urinary bladder.

The prostate gland and seminal vesicles are unremarkable. The testes are not removed.

### ENDOCRINE SYSTEM:

The thyroid gland is of normal size and shape, with a red-brown cut surface and no lesions. The adrenal glands have yellow cortices of normal thickness and the

1616112
Malcolm Loren Hickson

medullae show no lesions or hemorrhage. The pituitary gland is of normal size with no gross pathologic lesions.

## HEAD AND CENTRAL NERVOUS SYSTEM:

A scalp incision, craniotomy, and removal of the brain are performed in the usual fashion. There are no scalp lesions or injuries. The calvarium is intact without bony abnormalities or fractures. The dura is intact and unremarkable. On stripping of the dura, the base of the skull is intact with no fractures.

The brain weighs 1523.5 gms and has translucent leptomeninges. The cerebral hemispheres have a normal gyral pattern with no edema. The brainstem and cerebellar hemispheres are externally unremarkable. The Circle of Willis is patent with no atherosclerosis or aneurysms. The cranial nerves are intact. Coronal sectioning of the cerebrum shows a symmetric ventricular system without hydrocephalus, containing clear cerebrospinal fluid. There are no space occupying lesions present. Sagittal sections of the cerebrum and horizontal sections of the brainstem are unremarkable. The spinal cord is not examined.

## VII.  HISTOLOGY:

**LUNGS, LIVER AND HEART:** No significant histopathologic abnormality

**KIDNEYS:** Tubular calcifications

## VIII.  IMAGING STUDIES:

X-rays of the head and chest are performed and show minute radio-opaque fragments in the right and left chest, and a larger fragment in the left chest.

## IX.  IDENTIFICATION:

The decedent is identified by comparison of antemortem and postmortem fingerprints.

Case 3:18-cv-02747-B-BH  Document 3  Filed 10/17/18  Page 34 of 57  PageID 37

1616112
Malcolm Loren Hickson

## SPECIMENS AND EVIDENCE COLLECTED

1.  10 mL of femoral blood, 15 mL of aortic blood, 15 mL of urine, and 5 mL of vitreous fluid
2.  Representative tissue sections in formalin
3.  Tissue in cassettes for histology (4)
4.  Forensic evidence:
    a) Pulled scalp hair
    b) Pulled pubic hair
    c) Pulled facial hair
    d) Blood card
    e) Projectile
5.  Fingerprints and palm prints
6.  Representative photographs
7.  GSR SEM stubs from hands
8.  Digital X-rays (2)
9.  Additional blood card

EDC: 12/27/16
Dictated: 10/27/16
Transcribed: 11/4/16
Completed: 12/19/16
BRM:caa

## Forensic Toxicology Results



Office of Chief Medical Examiner
Toxicology Laboratory Service
200 Feliks Gwozdz Place
Fort Worth, Texas 76104
Name: Malcolm Loren Hickson

Case Number: 1616112
Toxicology Work Number: 1603796

Nizam Peerwani, M.D., DABFP
Chief Medical Examiner
Robert Johnson, PH.D., DABFT
Chief Toxicologist

Service Request Number: 002

| Specimen | Drug | Result | Drug Amount | Instrument Used | Performed By |
|---|---|---|---|---|---|
| Femoral Blood | Ethanol | NEGATIVE | | GC/FID | K. SCOTT |
| URINE | Amphetamine ELISA | NEGATIVE | | ELISA | B. LANDRY |
| URINE | Methamphetamine ELISA | NEGATIVE | | ELISA | B. LANDRY |
| URINE | THC ELISA* | POSITIVE | | ELISA | B. LANDRY |
| URINE | Opiate ELISA | NEGATIVE | | ELISA | B. LANDRY |
| URINE | Cocaine ELISA | NEGATIVE | | ELISA | B. LANDRY |
| URINE | Benzodiazepine ELISA | NEGATIVE | | ELISA | B. LANDRY |
| URINE | Oxycodone ELISA | NEGATIVE | | ELISA | B. LANDRY |
| URINE | ACID | NEGATIVE | | GCMS | C. WHEELER |
| URINE | BASE | NEGATIVE | | GCMS | C. WHEELER |

*THIS SCREEN IS NOT CONFIRMED

Approved By: _____

Approved Date: _____ 1/8/16



Exhibit G

**CARROLLTON**
TEXAS

February 16, 2018

The Honorable Ken Paxton
Attorney General
Open Records Division
P.O. Box 12548
Austin TX 78711-2548

VIA CERTIFIED MAIL RETURN
RECEIPT REQUESTED
#7012 1520 0002 5577 8188

Re: Request for Attorney General Decision under Tex. Gov't Code Ann § 552.301
    Requestor: Natalie Hickson
    Date Received: See Exhibit A
    City ID: 12102

Dear Attorney General Paxton:

The City of Carrollton, Texas (the "City") received a public information request from Natalie Hickson dated Exhibit A. A copy of the request is attached an **Exhibit A.** Pursuant to § 552.301 of the Government code, the City requests a decision from the Attorney General about whether the requested information is excepted from disclosure under the Public Information Act (the "Act"). This letter will serve as the City's brief in its request for a decision from the Attorney General as to whether the requested information and/or any portions thereof are excepted from disclosure under the Public Information Act. (the "Act.") See Tex. Gov't Code § 552.301 (a) and (b).

### *Certain Law Enforcement, Corrections and Prosecutorial Information§552.108b*

The City has located all responsive information attached as Exhibit **B.** The basic "front page" information has been released in accordance with Open Records Decision 127. Information held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime is excepted from the requirements of Section 552.021 if it is information that deals with the detection, investigation, or prosecution of crime only in relation to an investigation that did not result in conviction or deferred adjudication. Tex. Gov't Code §552.108(b). Therefore, the City seeks to withhold the marked information in **Exhibit B.** The officer involved shooting resulted in a "no bill" and the case is no longer under investigation or pending prosecution and we are requesting the records be excepted from disclosure by section 552.108(b).

### *Confidential Information § 552.101*

Copies of the responsive materials the City wishes to withhold are attached as **Exhibit B.** The City asserts that the information in **Exhibit B** should be withheld under the doctrine of common law privacy. Section 552.101 excepts from required public disclosure information made confidential under case law. Pursuant to the Texas Supreme Court decision in Industrial Foundation of the South v. Texas Industrial Accident Board, section 552.101 applies to information when its disclosure would constitute the common law tort of invasion of privacy through the disclosure of private facts. To be within this common law tort, the information must (1) contain highly intimate or embarrassing facts about a person's private affairs such that its release would be highly objectionable to a reasonable person and (2) be of no legitimate concern to the public.

Office of the City Attorney 1945 E. Jackson Rd. Carrollton, TX 75006 - 972.466.3025.Fax: 972-466-3252



**CARROLLTON**
TEXAS

The report contains confidential information that is highly intimate and embarrassing as well as on no legitimate concern to the general public. See *Paxton v City of Dallas,* No. 03-13-00546-CV, 2015 WL 3394061, at *3 (Tex. App-Austin May 22, 2015, pet. denied). Birth dates of certain members of the general public, contained in documents that were sought from the City of Dallas under the Texas Public Information Act (the PIA), are "confidential by law" and thus excepted from disclosure under section 552.101 of the PIA.

In addition, information that is intimate or embarrassing and in which the public has no legitimate interest is protected from required public disclosure under Texas common law. *See Indus. Found. v. Tex. Indus. Accident Bd.,* 540 S.W.2d 668, 685 (Tex. 1976); *Morales v. Ellen,* 840 S.W.2d 519 (Tex. App.--El Paso 1992, writ denied). *See supra* note 9, at 9. Moreover, the PIA protects information deemed confidential under the United States Constitution. *See Indus. Found. v. Tex. Indus. Accident Bd.,* 540 S.W.2d 668, 678 (Tex. 1976). Under Texas law, individuals have "the right to be free from the government disclosing private facts about its citizens and from the government inquiring into matters in which it does not have a legitimate and proper concern." *Ramie v. City of Hedwig Village, Tex.*, 765 F.2d 490, 492 (5th Cir. 1985); *see also Fadjo v. Coon,* 633 F.2d 1172, 1176 (5th Cir. 1981). Finally, the type of information considered intimate or embarrassing by the Texas Supreme Court in *Industrial Foundation* included information relating to sexual assault, pregnancy, mental or physical abuse in the workplace, illegitimate children, and psychiatric treatment of *__mental disorders__*, *__attempted suicide,__* and injuries to *__sexual organs__*. *Id.* at 683

The city takes under consideration that requestor may be the parent to the juvenile listed within the report. Nevertheless; no documentation was provided to indicate proof of relations. The mother's name is listed within the report as the parent (guardian) therefore; we released only confidential information pertaining to her. Nevertheless, we seek to withhold information marked within **Exhibit B** pursuant to section 552.108 in conjunction with 552.101. Should you have any questions or concerns, please contact me by telephone at 972-466- 3025.

Sincerely,

*CaptoriaBrown* .

Captoria Brown

Cc:    Natalie Hickson via (Email)
       w/o Exhibit B, pending the AG opinion

**EXHIBIT**

**A**

12102

RPI# _____

## CITY OF CARROLLTON, TEXAS
## REQUEST FOR PUBLIC INFORMATION

I, the undersigned, hereby request the custodian of the following described public records of the City of Carrollton, Texas, to promptly produce said records for inspection and/or duplication. I understand there may be charges assessed for duplication or access to such records and the City of Carrollton may require prepayment prior to preparation of the requested copies of such record. [**Please complete form and submit to City Hall at 1945 East Jackson Road, Carrollton, Texas 75006, email to openrecords@cityofcarrollton.com, or complete an open records request online at cityofcarrollton.com/openrecords.**]

### REQUIRED INFORMATION

DATE OF REQUEST: 2/8/18    TELEPHONE: 469-324-8842

NAME: (*Please circle one* (Mr., Mrs. Ms.): Natalé Hickson

ADDRESS: (*Please include Box and Suite #'s*): 1015 Terry Way

CITY: Carrollton    STATE: TX    ZIP: 75006

EMAIL: njhickson@hotmail.com

Malcolm Hickson   11-23-90

### OPEN RECORDS REQUEST

PLEASE LIST ALL DOCUMENTS THAT YOU ARE REQUESTING (Be specific regarding dates, time period, locations (s) and name(s). Please be sure to request documents; NOT ask questions.):

BOLO for Malcolm Hickson regarding a gun theft of Lapresha Hickson, Audible of shooting of Malcolm Hickson from Nortex on 10/26/16 all reports, investigations and all material pertaining to this incident of Murder all call notes

CHECK ONE:

(a) ✓ I request paper copies          (b) ( I request Electronic copies on CD / via email (circle one)

(c) ___ I request only to view at City Hall   (d) ___ Certified copies

(e) ✓ Law Enforcement Report: Basic Information (Full Report (Attorney General request may be required)

(circle one)

Description of information sought: video, audible, written reports involving the murder of Malcolm Hickson on 10/26/16

(f) ___ Video Recording of Intoxication Offense Arrest (*Per HB 3791, only the person stopped/arrested may request the video recording*): Name, Date, Time and/or Location of Arrest: ___ MH

(g) X Other (*Please explain in detail what you would like to do*): Video (if any) audible between Nortex Swat and Carrollton PD, crime scene reports write ups of investigation to include all witnesses all call notes incident reports offense reports, warrants, search warrants All for 10/26/16

**YOUR REQUEST IS NOT COMPLETE UNLESS YOU SIGN ON THE BACK.**

advit davit from Caleb West of the Shooting

## REQUEST FOR JUDICIAL (MUNICIPAL COURT) RECORDS

Per Section 552.003(1)(B) of the Government Code, judicial records are excluded from the Public Information Act. Section 552.0035 of the Government Code specifically provides that access to judicial records is governed by rules adopted by the Supreme Court of Texas or by other applicable laws and rules. Please provide as much information as possible about the court documents you are requesting.

CASE NUMBER: _____

CITATION NUMBER: _____

DEFENDANT(S) NAME: _____

PLEASE LIST ALL DOCUMENTS THAT YOU ARE REQUESTING (Be specific regarding dates, time period, and name(s).  (Be sure to request documents; NOT ask questions)

_____

_____

CHECK ONE:

(a) ____ I request paper copies                (b) ____ I request Electronic copies on CD / via email (circle one)

(c) ____ I request only to view at Municipal Court window

(d) ____ Disposition of Court Case

Description of information sought: _____

_____

(e)_____ Other (Please explain in detail what you would like to do): _____

_____

SIGNATURE: _____   SIGNATURE FOR PICKUP: _____

### FOR CITY USE

Department Request Sent To: _____

Transmittal Date: _____ Due Date to City Sec.: _____

DISPOSITION:

(1) _____ Documents Attached                (2) _____ No Documents Exist

(3) _____ Documents not attached because: _____

_____

List of documents attached: _____

### TO BE COMPLETED BY CITY SECRETARY'S OFFICE

Number of Copies: _____   Receipt No. _____

Amount Due: _____   Date Picked Up: _____

Date Mailed/Emailed Notification Letter: _____

Date Mailed/Emailed Documents Ready Letter: _____

Certified Mail: Yes/No: Return Receipt Number: _____

Certified Mail Receipt Returned Date: _____

Date Requestor a No Show for Documents:_____



Exhibit A

# SHAREN WILSON

Criminal District Attorney
Tarrant County

February 22, 2018

Honorable Ken Paxton
Texas Attorney General
Post Office Box 12548
Austin, Texas 78711-2548          **E- C.M./R.R.R. – 91 7199 9991 7038 6815 2095**

     Re:    Public Information Request from Natalie Hickson

Dear General Paxton:

     On February 20, 2018, the Tarrant County Medical Examiner's Office ("Medical Examiner") received a public information request seeking a specified autopsy report. *See* copy of request, attached as Exhibit A. Please note that the date of receipt is reflected in the "Sent" row of the e-mail header. The Tarrant County Criminal District Attorney's Office, as legal counsel to and on behalf of the Medical Examiner, believes that the information sought by the Requestor may be withheld under Section 552.108 of the TEXAS GOVERNMENT CODE.

## I.    The requested documents concern a criminal investigation that did not result in a conviction or deferred adjudication, and may therefore be withheld under Section 552.108

     This Office seeks to withhold the information sought pursuant to Section 552.108(a)(2) & (b)(2) of the TEXAS GOVERNMENT CODE. Specifically, Section 552.108(a)(2) states that information held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of a crime is excepted from required public disclosure if it is information that "deals with the detection, investigation, or prosecution of crime only in relation to an investigation that did not result in conviction or deferred adjudication." Similarly, Section 552.108(b)(2) states that an internal record or notation of a law enforcement agency or prosecutor is excepted from public disclosure if "the internal record or notation relates to law enforcement only in relation to an investigation that did not result in conviction or deferred adjudication."

     In this case, the requested documents pertain to a criminal investigation which was closed with no indictments or convictions. More specifically, the criminal investigation involving the requested autopsy report resulted in the return of a "No Bill" by a Dallas County grand jury. *See* Correspondence from the Dallas County District Attorney's Office, attached as Exhibit B. Since the requested documents deal with an investigation and prosecution that did not result in a

*Re: Natalie Hickson PIA Request*
*February 22, 2017*
*Page 2*

conviction or deferred adjudication, this Office seeks to withhold them under Section 552.108 of the TEXAS GOVERNMENT CODE.

## II.    Conclusion

The documents sought by the Requestor are attached as Exhibit C. This letter will serve as notice to the Requestor that this Office is seeking a ruling regarding this public information request. I may be reached at (817) 884-1233 should any questions arise.

Sincerely,

Sharen Wilson
Criminal District Attorney
Tarrant County, Texas

MARK KRATOVIL
Assistant Criminal District Attorney

MCK/psm

Attachments

Exhibit A –    Public Information Act Request
Exhibit B –    Correspondence from the Dallas County District Attorney's Office
Exhibit C –    Documents sought to be withheld

cc w/att. (Ex. A only):

Natalie Hickson (*Requestor*)
1015 Terry Way
Carrollton, TX 75006

**E- C.M./R.R.R. – 91 7199 9991 7038 6815 2088**

## Mark C. Kratovil

**From:** Tarr J. Wilson
**Sent:** Tuesday, February 20, 2018 12:29 PM
**To:** Mark C. Kratovil
**Cc:** Polly S. Maxwell
**Subject:** FW: Malcolm Hickson

Mark,

See below.

**Ms. Tarr Jae Wilson**
**Manager of Records for TCME Office**
**200 Feliks Gwozdz Place**
**Fort Worth, Texas 76104-4919**
**tjwilson@tarrantcounty.com**
**Records Dept. tcmerecords@tarrantcounty.com**
**TCME Case Data/Info-Public Website: https://mepublic.tarrantcounty.com**
**PH: (817) 920-5700 Ext.8679**
**FAX: (817) 920-5713**
**Office Hours: M-F 8 a.m. to 4:30 p.m.**

**From:** Natalie Hickson [mailto:Natalie.Hickson@dallascounty.org]
**Sent:** Tuesday, February 20, 2018 10:18 AM
**To:** Records Requests <tcmerecords@tarrantcounty.com>
**Cc:** Natalie Hickson <Natalie.Hickson@dallascounty.org>
**Subject:** Malcolm Hickson

To whom it may concern:

I would like all information , pictures , graphs and any other autopsy reports that involve any work that was conducted on my son Malcolm Hickson (11-23-90) related to his homicide on 10/26/16. I would like that mailed to 1015 terry way Carrollton TX 75006 or I can pick it up. Please contact me if I need to pick it up  I have seen pictures of his body with a  side shot and a graph and a summary report that states my son had a gun in his hand , I would like that as well.

Sincerely,
Natalie Hickson
469-324-8842



EXHIBIT

A

1



Exhibit F

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

April 25, 2018

Ms. Captoria Brown
Paralegal
City of Carrollton
1945 East Jackson Road
Carrollton, Texas 75006

OR2018-09670

Dear Ms. Brown:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 705462 (City ID: 12102).

The City of Carrollton (the "city") received a request for information pertaining to the death of a named individual. You state the city has released some of the requested information. You claim some of the remaining requested information is excepted from disclosure under sections 552.101 and 552.108 of the Government Code.[1] We have considered the exceptions you claim and reviewed the submitted representative samples of information.[2] We have also received and considered comments from the requestor. *See* Gov't Code § 552.304 (interested party may submit comments stating why information should or should not be released).

Section 552.101 of the Government Code excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." *Id.* § 552.101. Section 552.101 encompasses section 143.089 of the Local Government Code.

---

[1] We note that although you raise section 552.103 of the Government Code, you make no arguments to support this exception. Therefore, we assume you have withdrawn your claim this section applies to the submitted information. *See* Gov't Code §§ 552.301, .302.

[2] We assume the "representative samples" of records submitted to this office are truly representative of the requested records as a whole. *See* Open Records Decision Nos. 499 (1988), 497 (1988). This open records letter does not reach, and therefore does not authorize the withholding of, any other requested records to the extent that those records contain substantially different types of information than that submitted to this office.

We understand the city is a civil service city under chapter 143 of the Local Government Code. Section 143.089 provides for the existence of two different types of personnel files relating to a police officer: one that must be maintained as part of the officer's civil service file and another the police department may maintain for its own internal use. *See* Local Gov't Code § 143.089(a), (g). The officer's civil service file must contain certain specified items, including commendations, periodic evaluations by the police officer's supervisor, and documents relating to any misconduct in which the department took disciplinary action against the officer under chapter 143 of the Local Government Code. *Id.* § 143.089(a)(1)-(2). Chapter 143 prescribes the following types of disciplinary actions: removal, suspension, demotion, and uncompensated duty. *Id.* §§ 143.051-.055; *see* Attorney General Opinion JC-0257 (2000) (written reprimand is not disciplinary action for purposes of Local Gov't Code chapter 143). In cases in which a police department investigates a police officer's misconduct and takes disciplinary action against an officer, it is required by section 143.089(a)(2) to place all investigatory records relating to the investigation and disciplinary action, including background documents such as complaints, witness statements, and documents of like nature from individuals who were not in a supervisory capacity, in the police officer's civil service file maintained under section 143.089(a). *See Abbott v. Corpus Christi*, 109 S.W.3d 113, 122 (Tex. App.—Austin 2003, no pet.). All investigatory materials in a case resulting in disciplinary action are "from the employing department" when they are held by or are in the possession of the department because of its investigation into a police officer's misconduct, and the department must forward them to the civil service commission for placement in the civil service personnel file. *Id.* Such records may not be withheld under section 552.101 of the Government Code in conjunction with section 143.089 of the Local Government Code. *See* Local Gov't Code § 143.089(f); Open Records Decision No. 562 at 6 (1990). However, a document relating to a police officer's alleged misconduct may not be placed in his civil service personnel file if there is insufficient evidence to sustain the charge of misconduct. Local Gov't Code § 143.089(b). Information that reasonably relates to a police officer's employment relationship with the police department and that is maintained in a police department's internal file pursuant to section 143.089(g) is confidential and must not be released. *City of San Antonio v. Tex. Attorney Gen.*, 851 S.W.2d 946, 949 (Tex. App.—Austin 1993, writ denied).

You represent the information you have indicated is maintained in the internal files of the city's police department as authorized under section 143.089(g) of the Local Government Code. The submitted information reflects the information at issue pertains to an internal affairs investigation that did not result in disciplinary action against the officer at issue. Based upon this representation and our review of the information at issue, we find the information you have indicated is confidential under section 143.089(g) of the Local Government Code and must be withheld under section 552.101 of the Government Code.

Section 552.108(b)(2) of the Government Code excepts from disclosure "[a]n internal record or notation of a law enforcement agency or prosecutor that is maintained for internal use in matters relating to law enforcement or prosecution . . . if . . . the internal record or notation relates to law enforcement only in relation to an investigation that did not result in conviction or deferred adjudication." Gov't Code § 552.108(b)(2). Section 552.108(b)(2) protects

internal law enforcement and prosecution records that relate to a concluded investigation or prosecution that did not result in a conviction or deferred adjudication. A governmental body claiming an exception under section 552.108 must reasonably explain how and why the exception it claims is applicable to the information the governmental body seeks to withhold. *Id.* § 552.301(e)(1)(A); *see also Ex parte Pruitt* 551 S.W.2d 706 (Tex. 1977). You state the information you have marked pertains to a criminal case that "resulted in a 'no bill'" and is "no longer under investigation or pending prosecution." Based upon your representations, we find section 552.108(b)(2) is applicable to the information you have marked. Accordingly, the city may withhold the information you have marked under section 552.108(b)(2) of the Government Code.

Section 552.101 of the Government Code also encompasses information made confidential by other statutes. We note the remaining information contains information that was reported to the National Trace Center of the Department of Justice Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF"). Public Law number 112-55 states, in pertinent part,

> [D]uring the current fiscal year and in each fiscal year thereafter, no funds appropriated under [the Consolidated and Further Continuing Appropriations Act, 2012] or any other [a]ct may be used to disclose part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of the [ATF] or any information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section, except to: (1) a Federal, State, local, or tribal law enforcement agency, or a Federal, State, or local prosecutor . . . unless such disclosure of such data to an[] . . . entit[y] described in (1) . . . of this proviso would compromise the identity of any undercover law enforcement officer or confidential informant, or interfere with any case under investigation; and no person or entity described in (1) . . . shall knowingly and publicly disclose such data; and all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State[.]

Consolidated and Further Continuing Appropriations Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-10 (2011). We note the responsive information contains Firearms Trace Summaries, which consist of content from the Firearms Trace System database maintained by the National Trace Center. Upon review, we find the submitted Firearms Trace Summaries at issue are confidential under Public Law number 112-55. *See Miller v. U.S. Dep't of Justice*, 562 F. Supp. 2d 82, 111 (D.D.C. 2008) (holding Firearms Trace Report properly withheld under Freedom of Information Act exemption 3, which covers records that are exempt from disclosure by statute). Accordingly, the city must withhold the information we have marked under section 552.101 of the Government Code in conjunction with Public Law number 112-55.

Section 552.101 of the Government Code also encompasses the doctrine of common-law privacy, which protects information that is (1) highly intimate or embarrassing, the publication of which would be highly objectionable to a reasonable person, and (2) not of legitimate concern to the public. *Indus. Found. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 685 (Tex. 1976). To demonstrate the applicability of common-law privacy, both prongs of this test must be satisfied. *Id.* at 681-82. Types of information considered intimate and embarrassing by the Texas Supreme Court are delineated in *Industrial Foundation. Id.* at 683. The court of appeals has concluded public citizens' dates of birth are protected by common-law privacy pursuant to section 552.101. *See Paxton v. City of Dallas*, No. 03-13-00546-CV, 2015 WL 3394061, at *3 (Tex. App.—Austin May 22, 2015, pet. denied) (mem. op.). In Open Records Decision No. 393 (1983), this office concluded that, generally, only that information which either identifies or tends to identify a victim of sexual assault or other sex-related offense may be withheld under common-law privacy; however, because the identifying information was inextricably intertwined with other releasable information, the governmental body was required to withhold the entire report. Open Records Decision No. 393 at 2 (1983); *see* Open Records Decision No. 339 (1982); *see also Morales v. Ellen*, 840 S.W.2d 519 (Tex. App.—El Paso 1992, writ denied) (identity of witnesses to and victims of sexual harassment was highly intimate or embarrassing information and public did not have a legitimate interest in such information); Open Records Decision No. 440 (1986) (detailed descriptions of serious sexual offenses must be withheld).

Upon review, we find some of the remaining information pertains to an alleged sexual assault. The requestor in this case knows the identity of the alleged victim. We believe that, in this instance, withholding only the victim's identifying information from the requestor would not preserve the victim's common-law right to privacy. We conclude, therefore, the city must withhold the information we have marked and indicated in its entirety pursuant to section 552.101 of the Government Code in conjunction with common-law privacy. Further, we find some of the remaining information, which we have marked, and all living public citizens' dates of birth satisfy the standard articulated by the Texas Supreme Court in *Industrial Foundation.* Accordingly, the city must withhold the additional information we have marked and all living public citizens' dates of birth under section 552.101 of the Government Code in conjunction with common-law privacy. The city has failed to demonstrate, however, the remaining information is highly intimate or embarrassing and not of legitimate public interest. Therefore, the city may not withhold any portion of the remaining information under section 552.101 in conjunction with common-law privacy.

We note some of the remaining information may be subject to section 552.1175 of the Government Code.[3] Section 552.1175 of the Government Code protects the home address, home telephone number, emergency contact information, social security number, and family member information of certain individuals, when that information is held by a governmental body in a non-employment capacity and the individual elects to keep the information

---

[3]The Office of the Attorney General will raise a mandatory exceptions on behalf of a governmental body. *See* Open Records Decision Nos. 481 (1987), 480 (1987), 470 (1987).

confidential. *See* Gov't Code § 552.1175. Section 552.1175 applies, in part, to "peace officers as defined by Article 2.12, Code of Criminal Procedure." *Id.* § 552.1175(a)(1). Section 552.1175 is also applicable to personal pager and cellular telephone numbers, provided the cellular telephone service or pager service is not paid for by a governmental body. *See* Open Records Decision No. 506 at 5-6 (1988) (statutory predecessor to section 552.117 of the Government Code not applicable to cellular telephone numbers provided and paid for by governmental body and intended for official use). We have marked personal information pertaining to individuals who may currently be licensed peace officers. Accordingly, if the individuals at issue are currently licensed peace officers and the peace officers elect to restrict access to their information in accordance with section 552.1175(b) of the Government Code, the city must withhold the information we have marked under section 552.1175 of the Government Code; however, the city may only withhold the marked personal cellular numbers under section 552.1175 if a governmental body does not pay for the cellular telephone service.

Section 552.130 of the Government Code excepts from disclosure information that relates to a motor vehicle operator's license or driver's license or a motor vehicle title or registration issued by a Texas agency, or an agency of another state or country. *See* Gov't Code § 552.130(a)(1)-(2). Upon review, we find the city must withhold the motor vehicle record information we have marked under section 552.130 of the Government Code.

Section 552.137 of the Government Code excepts from disclosure "an e-mail address of a member of the public that is provided for the purpose of communicating electronically with a governmental body," unless the member of the public consents to its release or the e-mail address is of a type specifically excluded by subsection (c). *See id.* § 552.137(a)-(c). The e-mail address at issue is not a type specifically excluded by section 552.137(c). Accordingly, the city must withhold the e-mail address we have marked under section 552.137 of the Government Code, unless the owner of the e-mail address affirmatively consents to its disclosure.

In summary, the city must withhold the information you have indicated under section 552.101 of the Government Code in conjunction with section 143.089(g) of the Local Government Code. The city may withhold the information you have marked under section 552.108(b)(2) of the Government Code. The city must withhold the information we have marked under section 552.101 of the Government Code in conjunction with Public Law number 112-55. The city must withhold the information we have marked and indicated and all living public citizens' dates of birth under section 552.101 of the Government Code in conjunction with common-law privacy. If the individuals at issue are currently licensed peace officers and the peace officers elect to restrict access to their information in accordance with section 552.1175(b) of the Government Code, the city must withhold the information we have marked under section 552.1175 of the Government Code; however, the city may only withhold the marked personal cellular numbers under section 552.1175 if a governmental body does not pay for the cellular telephone service. The city must withhold the motor vehicle record information we have marked under section 552.130 of the Government Code. The city must withhold the e-mail address we have marked under section

Ms. Captoria Brown- Page 6

552.137 of the Government Code, unless the owner of the e-mail address affirmatively consents to its disclosure. The remaining information must be released.[4]

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at http://www.texasattorneygeneral.gov/open/orl_ruling_info.shtml, or call the Office of the Attorney General's Open Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public information under the Act may be directed to the Office of the Attorney General, toll free, at (888) 672-6787.

Sincerely,

Jennifer Copeland
Assistant Attorney General
Open Records Division

JC/gw

Ref:    ID# 705462

Enc.    Submitted documents

c:      Requestor
        (w/o enclosures)

---

[4]We note the remaining information contains a living individual's social security number. Section 552.147(b) of the Government Code authorizes a governmental body to redact a living person's social security number from public release without the necessity of requesting a decision from this office under the Act. *See* Gov't Code § 552.147(b).



Exhibit G

# CARROLLTON
**TEXAS**

February 16, 2018

The Honorable Ken Paxton
Attorney General
Open Records Division
P.O. Box 12548
Austin TX 78711-2548

VIA CERTIFIED MAIL RETURN
RECEIPT REQUESTED
#7012 1520 0002 5577 8188

Re:   Request for Attorney General Decision under Tex. Gov't Code Ann § 552.301
      Requestor: Natalie Hickson
      Date Received: See Exhibit A
      City ID: 12102

Dear Attorney General Paxton:

  The City of Carrollton, Texas (the "City") received a public information request from Natalie Hickson dated Exhibit A. A copy of the request is attached an **Exhibit A**. Pursuant to § 552.301 of the Government code, the City requests a decision from the Attorney General about whether the requested information is excepted from disclosure under the Public Information Act (the "Act"). This letter will serve as the City's brief in its request for a decision from the Attorney General as to whether the requested information and/or any portions thereof are excepted from disclosure under the Public Information Act. (the "Act.") See Tex. Gov't Code § 552.301 (a) and (b).

### *Certain Law Enforcement, Corrections and Prosecutorial Information§552.108b*

  The City has located all responsive information attached as Exhibit **B**. The basic "front page" information has been released in accordance with Open Records Decision 127. Information held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime is excepted from the requirements of Section 552.021 if it is information that deals with the detection, investigation, or prosecution of crime only in relation to an investigation that did not result in conviction or deferred adjudication. Tex. Gov't Code §552.108(b). Therefore, the City seeks to withhold the marked information in **Exhibit B**. The officer involved shooting resulted in a "no bill" and the case is no longer under investigation or pending prosecution and we are requesting the records be excepted from disclosure by section 552.108(b).

### *Confidential Information § 552.101*

  Copies of the responsive materials the City wishes to withhold are attached as **Exhibit B**. The City asserts that the information in **Exhibit B** should be withheld under the doctrine of common law privacy. Section 552.101 excepts from required public disclosure information made confidential under case law. Pursuant to the Texas Supreme Court decision in Industrial Foundation of the South v. Texas Industrial Accident Board, section 552.101 applies to information when its disclosure would constitute the common law tort of invasion of privacy through the disclosure of private facts. To be within this common law tort, the information must (1) contain highly intimate or embarrassing facts about a person's private affairs such that its release would be highly objectionable to a reasonable person and (2) be of no legitimate concern to the public.



**CARROLLTON**
TEXAS

The report contains confidential information that is highly intimate and embarrassing as well as on no legitimate concern to the general public. See *Paxton v City of Dallas*, No. 03-13-00546-CV, 2015 WL 3394061, at \*3 (Tex. App-Austin May 22, 2015, pet. denied). Birth dates of certain members of the general public, contained in documents that were sought from the City of Dallas under the Texas Public Information Act (the PIA), are "confidential by law" and thus excepted from disclosure under section 552.101 of the PIA.

In addition, information that is intimate or embarrassing and in which the public has no legitimate interest is protected from required public disclosure under Texas common law. *See Indus. Found. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 685 (Tex. 1976); *Morales v. Ellen*, 840 S.W.2d 519 (Tex. App.--El Paso 1992, writ denied). *See supra* note 9, at 9. Moreover, the PIA protects information deemed confidential under the United States Constitution. *See Indus. Found. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 678 (Tex. 1976). Under Texas law, individuals have "the right to be free from the government disclosing private facts about its citizens and from the government inquiring into matters in which it does not have a legitimate and proper concern." *Ramie v. City of Hedwig Village, Tex.*, 765 F.2d 490, 492 (5th Cir. 1985); *see also Fadjo v. Coon*, 633 F.2d 1172, 1176 (5th Cir. 1981). Finally, the type of information considered intimate or embarrassing by the Texas Supreme Court in *Industrial Foundation* included information relating to sexual assault, pregnancy, mental or physical abuse in the workplace, illegitimate children, and psychiatric treatment of ***mental disorders***, ***attempted suicide***, and injuries to ***sexual organs***. *Id.* at 683

The city takes under consideration that requestor may be the parent to the juvenile listed within the report. Nevertheless; no documentation was provided to indicate proof of relations. The mother's name is listed within the report as the parent (guardian) therefore; we released only confidential information pertaining to her. Nevertheless, we seek to withhold information marked within **Exhibit B** pursuant to section 552.108 in conjunction with 552.101. Should you have any questions or concerns, please contact me by telephone at 972-466- 3025.

Sincerely,

*CaptoriaBrown*

Captoria Brown

Cc:     Natalie Hickson via (Email)
        w/o Exhibit B, pending the AG opinion

**EXHIBIT**

**A**

12102

RPI# _____

## CITY OF CARROLLTON, TEXAS
## REQUEST FOR PUBLIC INFORMATION

I, the undersigned, hereby request the custodian of the following described public records of the City of Carrollton, Texas, to promptly produce said records for inspection and/or duplication. I understand there may be charges assessed for duplication or access to such records and the City of Carrollton may require prepayment prior to preparation of the requested copies of such record. **[Please complete form and submit to City Hall at 1945 East Jackson Road, Carrollton, Texas 75006, email to openrecords@cityofcarrollton.com, or complete an open records request online at cityofcarrollton.com/openrecords.]**

### REQUIRED INFORMATION

DATE OF REQUEST: 2 8 18          TELEPHONE: 469-324-8842

NAME: (Please circle one (Mr., Mrs. Ms.): Natalie Hickson

ADDRESS: (Please include Box and Suite #'s): 1015 Terry Way

CITY: Carrollton          STATE: TX          ZIP: 75006

EMAIL: nhickson@hotmail.com

Malcolm Hickson
11-23-90

### OPEN RECORDS REQUEST

PLEASE LIST ALL DOCUMENTS THAT YOU ARE REQUESTING (Be specific regarding dates, time period, locations (s) and name(s). Please be sure to request documents; NOT ask questions.):

BOLO for Malcolm Hickson regarding a gun theft of Lapresha Hickson, audible of shooting of Malcolm Hickson from Nortex on 10/24/16 all reports, investigators and all material pertaining to this incident of murder all car notes

CHECK ONE:

(a) ✓ I request paper copies          (b) I request Electronic copies on CD / via email (circle one)

(c) ___ I request only to view at City Hall   (d) ___ Certified copies

(e) ✓ Law Enforcement Report: Basic Information / Full Report (Attorney General request may be required)
(circle one)

Description of information sought: video, audible, written reports involving the murder of Malcolm Hickson on 10/24/16

(f) ___ Video Recording of Intoxication Offense Arrest (Per HB 3791, only the person stopped/arrested may request the video recording): Name, Date, Time and/or Location of Arrest: MH

(g) X Other (Please explain in detail what you would like to do): Video if any, audible between Nortex Swat and Carrollton PD, crime scene reports, write ups of investigation to include all witnesses all call notes, incident reports offense reports, warrants, search warrants, All for 10/24/16

**YOUR REQUEST IS NOT COMPLETE UNLESS YOU SIGN ON THE BACK.**

adult death from Caleb West of the shooting

## REQUEST FOR JUDICIAL (MUNICIPAL COURT) RECORDS

Per Section 552.003(1)(B) of the Government Code, judicial records are excluded from the Public Information Act. Section 552.0035 of the Government Code specifically provides that access to judicial records is governed by rules adopted by the Supreme Court of Texas or by other applicable laws and rules. Please provide as much information as possible about the court documents you are requesting.

CASE NUMBER: _____

CITATION NUMBER: _____

DEFENDANT(S) NAME: _____

PLEASE LIST ALL DOCUMENTS THAT YOU ARE REQUESTING (Be specific regarding dates, time period, and name(s). (Be sure to request documents; NOT ask questions)

_____

_____

CHECK ONE:

(a) ___ I request paper copies          (b) ___ I request Electronic copies on CD / via email (circle one)

(c) ___ I request only to view at Municipal Court window

(d) ___ Disposition of Court Case

Description of information sought: _____

_____

(e)_____ Other (Please explain in detail what you would like to do): _____

_____

SIGNATURE: _____     SIGNATURE FOR PICKUP: _____

### FOR CITY USE

Department Request Sent To: _____

Transmittal Date: _____ Due Date to City Sec.: _____

DISPOSITION:

(1) _____ Documents Attached                     (2) _____ No Documents Exist

(3) _____ Documents not attached because: _____

_____

List of documents attached: _____

_____

### TO BE COMPLETED BY CITY SECRETARY'S OFFICE

Number of Copies: _____          Receipt No. _____

Amount Due: _____                Date Picked Up: _____

Date Mailed/Emailed Notification Letter: _____

Date Mailed/Emailed Documents Ready Letter: _____

Certified Mail: Yes/No: Return Receipt Number: _____

Certified Mail Receipt Returned Date: _____

Date Requestor a No Show for Documents:_____



Exhibit A

# SHAREN WILSON

Criminal District Attorney

Tarrant County

February 22, 2018

Honorable Ken Paxton
Texas Attorney General
Post Office Box 12548
Austin, Texas  78711-2548                    **E- C.M./R.R.R. – 91 7199 9991 7038 6815 2095**

      Re:    Public Information Request from Natalie Hickson

Dear General Paxton:

      On February 20, 2018, the Tarrant County Medical Examiner's Office ("Medical Examiner") received a public information request seeking a specified autopsy report. *See* copy of request, attached as Exhibit A. Please note that the date of receipt is reflected in the "Sent" row of the e-mail header. The Tarrant County Criminal District Attorney's Office, as legal counsel to and on behalf of the Medical Examiner, believes that the information sought by the Requestor may be withheld under Section 552.108 of the TEXAS GOVERNMENT CODE.

    **I.**    **The requested documents concern a criminal investigation that did not result in a conviction or deferred adjudication, and may therefore be withheld under Section 552.108**

      This Office seeks to withhold the information sought pursuant to Section 552.108(a)(2) & (b)(2) of the TEXAS GOVERNMENT CODE. Specifically, Section 552.108(a)(2) states that information held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of a crime is excepted from required public disclosure if it is information that "deals with the detection, investigation, or prosecution of crime only in relation to an investigation that did not result in conviction or deferred adjudication." Similarly, Section 552.108(b)(2) states that an internal record or notation of a law enforcement agency or prosecutor is excepted from public disclosure if "the internal record or notation relates to law enforcement only in relation to an investigation that did not result in conviction or deferred adjudication."

      In this case, the requested documents pertain to a criminal investigation which was closed with no indictments or convictions. More specifically, the criminal investigation involving the requested autopsy report resulted in the return of a "No Bill" by a Dallas County grand jury. *See* Correspondence from the Dallas County District Attorney's Office, attached as Exhibit B. Since the requested documents deal with an investigation and prosecution that did not result in a

*Honorable Ken Paxton*
*Re: Natalie Hickson PIA Request*
*February 22, 2017*
*Page 2*

conviction or deferred adjudication, this Office seeks to withhold them under Section 552.108 of the TEXAS GOVERNMENT CODE.

## II.     Conclusion

The documents sought by the Requestor are attached as Exhibit C. This letter will serve as notice to the Requestor that this Office is seeking a ruling regarding this public information request. I may be reached at (817) 884-1233 should any questions arise.

Sincerely,

Sharen Wilson
Criminal District Attorney
Tarrant County, Texas

MARK KRATOVIL
Assistant Criminal District Attorney

MCK/psm

Attachments

Exhibit A –     Public Information Act Request
Exhibit B –     Correspondence from the Dallas County District Attorney's Office
Exhibit C –     Documents sought to be withheld

cc w/att. (Ex. A only):

Natalie Hickson (*Requestor*)
1015 Terry Way
Carrollton, TX 75006

**E- C.M./R.R.R. – 91 7199 9991 7038 6815 2088**

## Mark C. Kratovil

| | |
|---|---|
| **From:** | Tarr J. Wilson |
| **Sent:** | Tuesday, February 20, 2018 12:29 PM |
| **To:** | Mark C. Kratovil |
| **Cc:** | Polly S. Maxwell |
| **Subject:** | FW: Malcolm Hickson |

Mark,

See below.

**Ms. Tarr Jae Wilson**
**Manager of Records for TCME Office**
**200 Feliks Gwozdz Place**
**Fort Worth, Texas 76104-4919**
**tjwilson@tarrantcounty.com**
**Records Dept. tcmerecords@tarrantcounty.com**
**TCME Case Data/Info-Public Website: https://mepublic.tarrantcounty.com**
**PH: (817) 920-5700 Ext.8679**
**FAX: (817) 920-5713**
**Office Hours: M-F 8 a.m. to 4:30 p.m.**

**From:** Natalie Hickson [mailto:Natalie.Hickson@dallascounty.org]
**Sent:** Tuesday, February 20, 2018 10:18 AM
**To:** Records Requests <tcmerecords@tarrantcounty.com>
**Cc:** Natalie Hickson <Natalie.Hickson@dallascounty.org>
**Subject:** Malcolm Hickson

To whom it may concern:

I would like all information , pictures , graphs and any other autopsy reports that involve any work that was conducted on my son Malcolm Hickson (11-23-90) related to his homicide on 10/26/16. I would like that mailed to 1015 terry way Carrollton TX 75006 or I can pick it up. Please contact me if I need to pick it up I have seen pictures of his body with a side shot and a graph and a summary report that states my son had a gun in his hand , I would like that as well.

Sincerely,
Natalie Hickson
469-324-8842

1



Exhibit I



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 12, 2018

Mr. Mark C. Kratovil
Assistant Criminal District Attorney
Tarrant County
401 West Belknap
Fort Worth, Texas 76196

OR2018-05681

Re:   Request for any and all records involving a named individual from 10/26/16

Dear Mr. Kratovil:

The Office of the Attorney General has received your request for a ruling and assigned your request ID# 707433.

After reviewing your arguments and the submitted information, we have determined your request does not present a novel or complex issue. Thus, we are addressing your claims in a memorandum opinion. You claim the submitted information may be withheld from public disclosure pursuant to section 552.108(a)(2) of the Government Code on behalf a law enforcement agency with a law enforcement interest. Further, you inform this office the law enforcement agency objects to the disclosure of the information because it relates to a concluded criminal case that did not result in conviction or deferred adjudication. Thus, we conclude you may withhold the submitted information pursuant to section 552.108(a)(2).

For more information on the cited exception, please refer to the open government information on our website at https://www.texasattorneygeneral.gov/og/memorulings. You may also contact our Open Government Hotline at 1-877-OPENTEX.

Enc:   Submitted documents

c:      Requestor
        (w/o enclosures)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Hickson, Natalie on behalf of the ESTATE OF MALCOM LOREN HICKSON

**(b)** County of Residence of First Listed Plaintiff     Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se

## DEFENDANTS

Carrollton Police Department

County of Residence of First Listed Defendant     Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

RECEIVED
OCT 17 2018

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

3-18CV2747-B

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USCS § 1983

Brief description of cause:
Deprivation of Rights, Wrongful Death caused by Carrollton Police Department, Carrollton, Texas

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$4,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE ___   DOCKET NUMBER ___

DATE ___
SIGNATURE OF ATTORNEY OF RECORD ___

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___