IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATALIE HICKSON, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-02747-B (BH) |
| | § | |
| CITY OF CARROLLTON, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Defendants City of Carrollton and Caleb West's Motion for Award of Attorney's Fees and Brief*, filed August 8, 2019 (doc. 32). Based on the relevant filings, evidence, and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On November 23, 2018, Natalie Hickson and Lapresha Roquel Stanley, on behalf of herself and her minor son, and as the personal representative of the Estate of Malcom Loren Hickson (Plaintiffs), filed suit against the City of Carrollton (the City) and Carrollton Police Department (CPD) Officer Caleb West (Officer) in his official and individual capacities (collectively, Defendants), alleging claims under 42 U.S.C. § 1983 for violations of Malcom Loren Hickson's (Hickson) Fourth Amendment rights as well as state law survival and wrongful death claims. (doc. 13 at 1-3, 12-13.)[2]

Plaintiffs allege that on October 26, 2016, at the InnTown Suites Extended Stay Residences in Carrollton, Texas, Hickson was on his way from his room to his vehicle when he saw "multiple

---

[1] By *Standing Order of Reference*, filed October 18, 2018, this case was referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

armed CPD officers with weapons drawn and pointed at [him] . . . ." (doc. 13 at 4.) Plaintiffs allege that Hickson raised his hands in the air in a clearly visible manner and surrendered without making "any furtive movements," but "was unexpectedly and without legal justification, shot by [Officer]." (*Id*. at 5.) Hickson was transported to the hospital but died approximately 30 minutes later. (*Id*.)

Defendants moved to dismiss all of Plaintiffs' claims, except the Fourth Amendment and punitive damages claims against Officer in his individual capacity, for failure to state a claim upon which relief can be granted. (doc. 18.) Plaintiffs' response conceded to dismissal of their claims against Officer in his official capacity and to the dismissal of their state law claims against the City, but sought to proceed against the City on the federal claims. (doc. 25 at 5,16.) Defendants' motion to dismiss was granted, and all of Plaintiffs' claims, except for their Fourth Amendment and punitive damages claims against Officer in his individual capacity, were dismissed with prejudice. (doc. 27 at 12.)

On August 29, 2019, the City moved for an award of attorney's fees. (doc. 32.) Plaintiffs filed a response and objection to the City's motion, and the City filed a reply. (docs. 42, 43.)

## II. ATTORNEY'S FEES

Contending that the Plaintiffs' claims were "frivolous, unreasonable, and/or groundless," the City moves for an award of attorney's fees under 42 U.S.C. §1988. (doc. 32 at 1, 3.)

Under § 1988, courts may award reasonable attorney fees to a prevailing party in a § 1983 action. *Kirchberg v. Feenstra*, 708 F.2d 991, 995 (5th Cir.1983). The threshold showing for an award of fees differs depending on whether the prevailing party is a plaintiff or a defendant, however. *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir.1998). Section 1988 creates a presumption that prevailing plaintiffs will be awarded fees in the absence of special

2

circumstances, but fees are "presumptively unavailable" to a prevailing defendant. *Doe v. Silsbee Ind. Sch. Dist.*, 440 F. App'x 421, 424–25 (5th Cir. 2011). A defendant may recover fees under § 1988 only upon a showing "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting from *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)).[3]

A claim is frivolous when it lacks an arguable legal foundation. *Offord v. Parker*, 456 F. App'x 472, 474 (5th Cir.2012) (finding a claim barred by res judicata to be frivolous). A plaintiff's claim is also frivolous where it lacks an adequate factual basis, as when the complaint asserts only conclusory allegations, or when the plaintiff fails to offer any evidence in support of a given claim. *See Myers v. City of West Monroe*, 211 F.3d 289, 293 (5th Cir.2000) (upholding an award of fees to prevailing defendants where plaintiff offered no evidence to support her constitutional claims). "Implicit in this approach is the premise that plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." *Silsbee Ind. Sch. Dist.*, 440 F. App'x at 425 (quoting *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3rd Cir.1990)). In determining whether a suit is frivolous, the Fifth Circuit has approved consideration of "factors such as whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial." *Myers*, 211 F.3d at 292. No single factor is controlling; the court should decide whether

---

[3]The Supreme Court elaborated:

> The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees. As we stated in Christiansburg: "To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inherent in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of [1983]."

449 U.S. at 14–15 (citations omitted).

a claim is frivolous on a case-by-case basis. *Silsbee Ind. Sch. Dist.*, 440 F. App'x at 425. In making this determination, courts should be mindful of the admonition in *Christiansburg* to avoid post hoc reasoning. *Id.* (citing *Christiansburg*, 434 U.S. at 421.)

As to the first factor, Defendants contend that Plaintiffs "conceded to the baselessness of [their] claims when they did not even attempt to argue their viability, but instead admitted they should all be dismissed." (doc. 43 at 2.) Plaintiffs conceded to the dismissal of the claims against Officer in his official capacity and proceeded only against the City. (doc. 25 at 5.) They also conceded that the City "is entitled to governmental immunity in regards only to Plaintiffs' state-law claims because the actions of [Officer] in killing Hickson were intentional in nature and there is no waivable immunity." (*Id.* at 16.) The Court ultimately found that the plaintiffs failed to state a prima facie case for municipal liability against the City because their complaint contained only formulaic recitations of the elements, and relied on general and conclusory allegations. (doc. 27 at 9; docs 28, 29.) This factor weighs in favor of finding that Plaintiffs' claims against the City were frivolous.

Regarding the second *Myers* factor, the Fifth Circuit has recognized "whether a defendant offers to settle is of questionable value in determining whether the plaintiff's claims are frivolous." *Myers*, 211 F.3d at 292.[4] Here, there is no evidence that a settlement offer was made to Plaintiffs for their claims against the City. A municipality's offer to settle is not necessarily indicative of the weakness of a plaintiffs' case, however. In *Myers,* the Fifth Circuit noted that assuming that the second factor had been transported from employment law cases, "[w]hether a municipality offers to settle simply seems less indicative of the weakness of a plaintiff's case than whether a private

---

[4] *See also Hawkins v. Coleman*, No. 6:10-CV-0152, 2011 WL 3100562, *2 (W.D.La. July 25, 2011) (noting "whether the defendants did or did not make a settlement offer in this case sheds no light on the merit of the plaintiff's claims").

4

employer offers to settle." *Myers*, 211 F.3d at 292 n. 3. A private employer may be insured and see fewer cases and "may settle to make the problem go away." *Id.* "A municipality may choose not to address the problem in as businesslike a fashion and may be more worried that settlement will simply generate more lawsuits." *Id.* It also noted that a city may have a policy of "rarely settling claims in order to discourage lawsuits. If that is the City's policy, it seems odd to allow that factor to further enable the city to obtain attorney fees from losing plaintiffs." *Id.* at 292. This factor weighs against finding that Plaintiffs' claims were frivolous. *See Wright v. Denison Indep. Sch. Dist.*, No. 4:16-CV-615-KPJ, 2018 WL 4929285, at *4 (E.D. Tex. Oct. 11, 2018).

As for the third factor, it is undisputed that Plaintiffs' claims against the City were dismissed without a trial for failure to state a claim upon which relief can be granted. This factor is not dispositive, however. *See Hidden Oaks Ltd.*, 138 F.3d at 1053 (holding that dismissal prior to trial is not in itself sufficient to establish that the underlying claims were frivolous); *Silsbee Ind. Sch. Dist.*, 440 F. App'x at 425 (same). Although Plaintiffs ultimately failed to succeed on their claims, "[a]llegations that, upon careful examination, prove legally insufficient ... are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg.* " *Hughes*, 449 U.S. at 15–16 (1980). Nor is it a reason to find that Plaintiffs' claims were frivolous. *Myers*, 211 F.3d at 293.

Here, the City relies on Plaintiffs concession that their state law claims should be dismissed. (doc. 32 at 3.) This does not make Plaintiffs' claims frivolous or groundless as to subject them to attorney's fees. The stringent standard for defendants seeking attorney fees "is intended to ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail." *See*

5

*Anderson v. Harrison Cty., Miss.*, 639 F. App'x 1010, 1017 (5th Cir. 2016)(citing Myers v. City of West Monroe, 211 F.3d 289, 292 n. 1 (5th Cir. 2000)).  Nothing in the record demonstrates that the claims were completely unfounded.  They alleged that Hickson's death was due to wrongful conduct on the part of a CPD officer that the City failed to properly train.  (doc. 13 at 12.)  While Plaintiffs claims were flawed and ultimately unsuccessful, they had enough factual support to avoid being characterized as "frivolous, unreasonable, or without foundation."

Courts have been reluctant to grant a request for fees under § 1988 when the defendant has not adequately shown that a plaintiff asserted a frivolous claim, or when claims were not found to be clearly frivolous or without merit.  *See e.g., Elliott v. United States*, No. 3:16-CV-3231-B-BT, 2019 WL 918974, at *6 (N.D. Tex. Feb. 6, 2019), *report and recommendation adopted*, 2019 WL 917756 (N.D. Tex. Feb. 25, 2019), *motion for relief from judgment denied*, 2019 WL 1595654 (N.D. Tex. Apr. 15, 2019); *Wright*, 2018 WL 4929285, at *); *Nashville Texas, Inc. v. City of Burleson, Texas*, No. 3:10-CV-1210-G, 2012 WL 2399342, at *4 (N.D. Tex. June 1, 2012), *report and recommendation adopted sub nom. Nashville Texas, Inc. v. City of Burleson, Tex.*, 2012 WL 2403425 (N.D. Tex. June 26, 2012); *McCall v. Peters*, No. CIV.A. 300CV2247D, 2003 WL 22083575, at *2 (N.D. Tex. May 12, 2003). Because Plaintiffs' action was not frivolous or groundless, the City is not entitled to fees under § 1988.

### III. RECOMMENDATION

The City's motion for attorney's fees should be **DENIED**.

**SO RECOMMENDED** on this 23rd day of January, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE