IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATALIE HICKSON on behalf of the Estate of Malcom Loren Hickson, Plaintiff, | § § § § | |
| vs. | § § | Civil Action No. 3:18-CV-2747-B (BH) |
| CITY OF CARROLLTON, et al., Defendants. | § § § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is the *Report of Guardian Ad Litem And Verified Application for Compensation*, filed August 14, 2020 (doc. 63). A hearing was conducted on August 25, 2020. Based on the relevant filings, evidence, oral argument and applicable law, the parties' proposed settlement should be accepted as being in the bests interests of the minor plaintiff, and the application for compensation should be granted.

**I. BACKGROUND**

This civil rights action under 42 U.S.C. § 1983 arises from the death of Malcom Loren Hickson (Hickson) after he was shot by Carrollton Police Department Officer Caleb West (Officer) during arrest. On November 23, 2018, Natalie Hickson and Lapresha Roquel Stanley, on behalf of herself and her minor son (Minor), and as the personal representative of Hickson's Estate (collectively Plaintiffs), sued the City of Carrollton (City) and Officer in his official and individual capacities, alleging the use of excessive force in violation of Hickson's Fourth Amendment rights, as well as state law survival and wrongful death claims. (doc. 13 at 1-3, 12-13.)[2] All claims against City and Officer in his official capacity have been dismissed, and only the claims against Officer in his individual

---

[1] By *Standing Order of Reference*, filed October 18, 2018, this case was referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

capacity remain. (*See* docs. 27, 28, 29.)

Officer moved for summary judgment on the issue of qualified immunity on October 4, 2019. (*See* doc. 38.) On June 16, 2020, it was recommended that Officer's motion be denied because Plaintiffs had met their burden to identify genuine disputes of material fact over what had happened in the moments leading to Hickson's death that are material to the determination of whether Officer's actions violated a constitutional right that was clearly established at the time so as to entitle him to qualified immunity. (*See* doc. 55.) The recommendation was accepted on July 7, 2020. (*See* doc. 57.) Subsequently, on July 24, 2020, the parties gave notice that they had reached an agreement to settle this case and jointly moved for the appointment of Ellen Eiserlohr Dorn as guardian ad litem to represent Minor's interests in the settlement. (*See* doc. 59.) The motion was granted, and Ellen Eiserlohr Dorn (the GAL) was appointed to represent Minor's interests. (*See* doc. 60.)

On August 14, 2020, the GAL filed a report summarizing her investigation and findings, opining that the agreed settlement and allocation was fair, and recommending that the settlement be approved. (*See* doc. 63.) The report states that the GAL met with Minor and his mother, and she interviewed his grandmother and the attorneys in this case by telephone. She also reviewed the public filings for the case, the contingency fee agreement between the plaintiffs and their attorney, copies of Minor's birth certificate and social security card, the record of his parents' marriage, and the proposed settlement agreement. The contingency fee agreement provides that the plaintiffs' attorneys would be paid 45% of any total recovery for fees and expenses. The proposed settlement agreement provides for a total cash settlement of $100,000; the attorneys would receive $40,000, and the remaining $60,000 would be equally divided between Minor, his mother, and his grandmother. The settlement for Minor would be deposited in the registry of the court, to be made available for him when he

reaches the age of 18.

The GAL found that the three-year-old Minor, who was born approximately two months after Hickson's death, is his child. Minor is healthy and intelligent and has no known disabilities. The GAL opined that the allocation of the proposed settlement to Minor is fair, and that it should be deposited in the registry of the Court so that it is maintained solely for his benefit. She recommended that unless needed to allow Minor to pursue post-secondary college classes or vocational training, payments of the settlement to him should be staggered in annual increments of $1000 beginning after his high school graduation in 2035, with the final balance to be paid on after his 25th birthday in 2041. The report requested compensation for the GAL in the amount of $2,696.00 (12 hours at the rate of $275.00 per hour plus $41.00 in expenses, which the parties agreed would be paid by Officer's insurer within 30 days of the execution of the proposed agreed judgment. Neither the plaintiffs nor Officer objected to the report. (*See* docs. 64, 65.)

At a prove-up hearing on August 25, 2020, the GAL testified to the contents of her report. She further testified that she had a reasonable time to acquaint herself with the facts and the law, and that she is fully informed of the circumstances of this litigation, the needs and expectations of the minor child, the facts of liability, the disputed nature of the causes of action, and the nature and extent of the damages claimed. She has considered the effects of entering into the settlement agreement and opines that Minor's interests have been properly protected, and that the proposed settlement is reasonable, fair and just, and in his best interests. She also testified that she hoped that the Court would maintain the flexibility to alter the annual payout schedule recommended in the report, and to release the funds in their entirety after Minor's eighteenth birthday if needed for him to attend college or vocational school. Finally, because she has fulfilled her duties as guardian ad litem in this case, she sought

compensation in the total amount of $2,696.00, to by paid by Officer's insurer, and to be discharged from any further duties or obligations in this case.

## II. ANALYSIS

"It is clear in this Circuit that Rule 17(c) [of the Federal Rules of Civil Procedure] authorizes and mandates that district courts appoint a guardian ad litem in the situation where the interests of the minor's general representatives . . . may conflict with the interests of the person, [a] minor child . . . here, who might otherwise be represented by such general representatives." *Gaddis v. United States*, 381 F.3d 444, 453 (5th Cir. 2004). Rule 17(c)(1) states that a "court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(1). Appointment of guardians ad litem "is important not only to ensure that the minor's rights and interests are fully protected in cases where the minor is otherwise represented and there may be conflicts of interest, but also to ensure that the minor has proper access to the federal judicial system at all." *Gaddis*, 381 F.3d at 453-54 (citing *Chrissy F. ex rel. Medley v. Miss. Dep't of Pub. Welfare*, 883 F.2d 25, 27 (5th Cir.1989)).

While federal procedure provides for the appointment of a guardian ad litem, "the law of the minor's domicile–in this case, Texas–'presumptively ...would control' in determining whether a guardian or next friend may settle a claim on the minor's behalf." *Jones v. Burke*, No. SA-14-CA-328-FB (HJB), 2015 WL 13545482, at *1 (W.D. Tex. Aug. 6, 2015) (citing *St. John Stevedoring Co., Inc. v. Wilfred*, 818 F.2d 397, 400 (5th Cir. 1987), *recommendation approved,* 2016 WL 9453329 (W.D. Tex. Jul. 8, 2016). "Under Texas law, while a guardian ad litem has the authority to enter into settlement negotiations and execute settlement agreements in the best interest of a minor, 'court approval is required to compromise and settle a minor's claims.'" *Id.* (citing *St. John Stevedoring Co.*,

4

818 F.2d at 400); *see also Baladez v. General Motors, LLC*, No. 1:17-CV-0194-C-BL, 2018 WL 6737978, at *2 (N.D. Tex. Dec. 18, 2018) ("'even if the parties and court-appointed ad litem agree to the settlement, a judgment ratifying the compromise cannot be rendered without a hearing and evidence that the settlement serves the minor's best interest.'")(quoting *Byrd v. Woodruff*, 891 S.W.2d 689, 705 (Tex. App. 1994, writ denied, dismissed by agreement, and withdrawn), *recommendation adopted*, 2018 WL 6831109 (N.D. Tex. Dec. 28, 2018). "In evaluating whether an agreement is fair and reasonable, courts consider the facts of the case, the relative certainty of the outcome of any litigation, and costs associated with such litigation." *Elkhayam v. Lufthansa German Airlines*, No. Civ.A. 304CV50K, 2005 WL 743054, at *1 (N.D.Tex. Apr. 1, 2005) (citing *Allstate Life Ins. Co. v. Philips*, 2000 WL 829357, at *2 (S.D. Ala. June 2, 2000)), *recommendation adopted*, 2005 WL 1025963 (N.D. Tex. Apr. 28, 2005). "The overarching issue when considering a settlement involving minor plaintiffs, [however,] is whether the settlement is in the best interests of the minors in light of the particular facts of the case." *Baladez*, 2018 WL 6737978, at *2.

Based on her report and testimony, which is unopposed by the parties, as well as independent review, the Court finds that the GAL is fully informed regarding the facts of liability, the disputed nature of the causes of action, the nature and extent of the damages claimed, and the effects of entering into the settlement agreement. It also finds that Minor's interests have been properly protected, and that the proposed settlement is fair, reasonable and in his best interests. The amount of compensation requested by the GAL, $2,696.00, which the parties do not oppose and agreed would be paid by Officer's insurer, appears reasonable.

### III. RECOMMENDATION

The proposed settlement should be accepted as being in the bests interests of the minor

5

plaintiff, and the proposed agreed judgment should be entered. The guardian ad litem should be awarded compensation in the amount of $2,696.00, to be paid by the defendant's insurer, and discharged from any further duties or obligations in this case.

**SO RECOMMENDED** on this 25th day of August, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE